UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:11-CR-48 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JESUS GUADALUPE FELIX BURGOS, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Jesus Guadalupe Felix Burgos's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C § 2255. (ECF No. 417). The government has filed a timely response. (ECF No. 419). Petitioner has not replied, and the period to do so has since expired.

**I.     Facts**

On February 8, 2011, a grand jury returned a six-count indictment against multiple defendants, and charged petitioner on counts 1, 5 and 6. (ECF No. 1). On February 7, 2012, petitioner pleaded guilty to count 1 of the indictment. (ECF Nos. 175, 176).

On May 29, 2012, the court sentenced petitioner to 135 months, followed by five years of supervised release. (ECF Nos. 236, 238). On June 26, 2012, petitioner appealed (ECF No. 248). The court of appeals affirmed the judgment on September 5, 2013. (ECF No. 324).

On July 16, 2015, the court reduced petitioner's sentence from 135 months to 120 months, pursuant to an amendment to the mandatory minimum sentencing provisions of 18 U.S.C § 3582(c). (ECF No. 378).

In the instant motion, petitioner moves to vacate his sentencing and remand for resentencing pursuant to the minor participant provision of Amendment 794 to the United States
James C. Mahan
U.S. District Judge

Sentencing Guidelines ("USSG") and *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). (ECF No. 417).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

In the instant motion, petitioner asks this court to vacate his sentencing and remand for resentencing pursuant to the minor participant provision of Amendment 794 to the USSG and *Quintero-Leyva,* 823 F.3d at 524. (ECF No. 417). Specifically, petitioner argues *Quintero-Leyva* establishes that Amendment 794 is a "clarifying amendment," and thus applies retroactively, entitling a petitioner to relief. *Id.* at 15.

The court disagrees. Petitioner has brought his claim under a 28 U.S.C § 2255 motion. According to the United States Supreme Court, relief under § 2255 requires allegation of a constitutional or jurisdictional error, a "fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979). Here, petitioner makes no such assertions and, thus, has failed to show constitutional or jurisdictional error, a complete miscarriage of justice, or any omission inconsistent with the rudimentary demands of fair procedure. Therefore, his claim falls outside of the finite bases for relief for § 2255 motions, as explained by *Timmreck*.

James C. Mahan
U.S. District Judge

- 2 -

Additionally, while § 2255 covers most post-conviction challenges, 18 U.S.C § 3582 allows for narrow circumstances where a defendant may request a sentence modification. Liberally construing petitioner's *pro se* filing, the court will address his claim as if brought under § 3582. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that *pro se* documents are to be "liberally construed").

Sentence modification under § 3582 is allowed only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and the reduction in question "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(2). Further, § 1B1.10 of the Sentencing Guidelines clarifies that sentence reduction under § 3582(c)(2) does not apply if the amendment relied upon is not "an amendment listed in subsection (d) [of § 1B1.10]." U.S.S.G § 1B1.10(a)(2). Amendment 794 is not incorporated within the enumerated list of amendments that allow for § 3582 sentencing reductions. Therefore, even if liberally construed as a petition under § 3582, petitioner's claim fails.

Nonetheless, petitioner argues that *Quintero-Leyva* provides relief here because it held this amendment to be a clarifying amendment and thus retroactive to cases on direct appeal. But *Quintero-Leyva* held only that the amendment "applies retroactively to *direct appeals*," not § 2255 habeas corpus petitions. *Id.* (emphasis added). No court has applied this amendment retroactively to cases in § 2255 habeas corpus proceedings. *See United States v. Yanez*, Nos. 13cr3515-LAB-1, 16cv1964-LAB, 2016 WL 4248541 (S.D. Cal. Aug. 11, 2016); *Rosa-Lara v. United States*, No. 2:16CV955DAK, 2016 WL 4916796, at *1 (D. Utah Sept. 14, 2016) ("[N]o court has concluded that Amendment 794 applies to cases on collateral review"); *Jones v. United* States, Nos. 5:08-CR-00282-F-3, 5:16-CV-00777-F, 2016 WL 7655774, at *2 (E.D.N.C. Sept. 16, 2016) ("Amendment 794 is not retroactively applicable on collateral review); *Klosowski v. United States*, No. 12-cr-20458, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016) ("Amendment 794 has not, however, been held to be retroactive on collateral appeal"). This court agrees with the numerous

prior courts to consider this question: Amendment 794 does not apply retroactively to collateral review.

Finally, even if Amendment 794 applied to collateral review, petitioner has waived his right to collateral challenges of this nature. (ECF No. 176 at 4). The right to "bring[] a collateral attack is statutory," and any "knowing and voluntary waiver of a statutory right is enforceable." *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

In petitioner's plea agreement, petitioner waived his right to collaterally challenge his sentence by a § 2255 motion. (ECF No. 176 at 4). Petitioner signed an acknowledgment affirming that he understood that he was waiving the right to "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." *Id.* Additionally, during the change-of-plea hearing, the petitioner again acknowledged and affirmed his understanding of the above waivers. (ECF Nos. 175, 267). Further, defendant stipulated that he would not seek any sentence below 135 months of imprisonment, and he has already received a sentence off reduction to 120 months. (ECF No. 176 at 3 ¶ 6). As such, petitioner has unequivocally relinquished his right to seek relief of this nature through collateral review, and he has waived his right to seek a sentence any lower than his sentence already is.

**IV.  Certificate of Appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> > (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
       (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, a district court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. And petitioner has unequivocally waived his right to the requested § 2255 relief. Accordingly, the court declines to issue a certificate of appealability.

**V.**     **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Jesus Guadalupe Felix Burgos' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 417) be, and the same hereby is, DENIED.

DATED October 27, 2017.

                                                                    */s/ James C. Mahan*
                                                                 UNITED STATES DISTRICT JUDGE